UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATHLEEN MCLAUGHLIN,

        Plaintiff,

  v.

SOLANO COUNTY, CHRISTINA LINVILLE a.k.a. CHRISTINA ARAGUSTO and MICHELLE HARRIS and DOES 1 through 5 inclusive,

        Defendant.

No. 2:07-cv-02498-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff seeks monetary relief against Defendants, Solano County ("County"), Christina Linville ("Linville"), and Michelle Harris ("Harris") for employment discrimination claims arising under the Federal Medical Leave Act ("FMLA") at 29 U.S.C. § 260 et seq., the California Family Rights Act ("CFRA") at Cal. Gov't. Code 12945.2 et seq., the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12101 et seq., and the California Fair Employment & Housing Act ("FEHA") specifically at Cal. Gov't. Code § 12926(i).

1

In addition, Plaintiff seeks relief under the non-statutory tort claims of fraud, libel, and intentional infliction of emotional distress ("IIED").  Defendants now move to dismiss all causes of action in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' Motion to Dismiss for failure to state a claim is GRANTED.

**BACKGROUND**

In June 2006, after suffering from various illnesses for several months, Plaintiff secured a leave of absence under the FMLA from her employer, Defendant Solano County.  Plaintiff returned from her leave on July 5, 2006, and two days later, Defendant Linville informed Plaintiff of her immediate dismissal from employment with the County.  According to Plaintiff's Complaint, during their conversation Linville did not give Plaintiff a specific reason for the dismissal; however, the County ultimately filed a separation report which stated the reason for dismissal as "gross misconduct."

On or about December 10, 2006, Plaintiff secured permission from the County to review her personnel file. She claims that, upon inspection of her file she discovered, for the first time, the separation report containing the reason for dismissal. Plaintiff believed the purported reason set forth on that document (gross misconduct) was false.

///
///
///

1    On April 13, 2007, Plaintiff filed a Complaint of
2 Discrimination with the California Department of Fair Employment
3 and Housing ("DFEH") and the Equal Employment Opportunity
4 Commission ("EEOC").  Thereafter, Plaintiff filed the present
5 Complaint in the United States District Court for the Northern
6 District on August 23, 2007.
7    At the time Plaintiff filed that Complaint, she had not
8 received a right-to-sue notice from the EEOC or the DFEH.  Her
9 Complaint alleges four statutory causes of action (under the
10 FMLA, CFRA, ADA, and FEHA, respectively) and three non-statutory
11 claims of fraud, libel, and IIED.  Defendants filed a motion to
12 transfer venue to this Court, and Plaintiff stipulated to the
13 transfer before the motion was heard.
14    On December 28, 2007, Defendants filed their current Motion
15 to Dismiss pursuant to Rule 12(b)(6).  First, Defendants argue
16 that Plaintiff failed to exhaust her administrative remedies
17 before bringing suit under the statutory causes of action.
18 Furthermore, they contend that the statutes only create causes of
19 action against employers and not fellow employees.  Finally,
20 Defendants challenge the non-statutory causes of action in their
21 entirety, arguing that Plaintiff failed to allege compliance, or
22 excused compliance, from the claim presentation requirement under
23 the California Government Code.
24    Plaintiff filed her Opposition to Defendant's Motion to
25 Dismiss on March 7, 2008.
26 ///
27 ///
28 ///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

4

1    If the court grants a motion to dismiss a complaint, it must
2 then decide whether to grant leave to amend.  The court should
3 "freely give[]" leave to amend when there is no "undue delay, bad
4 faith[,] dilatory motive on the part of the movant, . . . undue
5 prejudice to the opposing party by virtue of . . . the amendment,
6 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);
7 Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to
8 amend is only denied when it is clear that the deficiencies of
9 the complaint cannot be cured by amendment.  DeSoto v. Yellow
10 Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.   Plaintiff's Statutory Claims (FMLA, CFRA, ADA, FEHA)**

16    As indicated above, Defendants' Motion to Dismiss directed
17 to Plaintiff's statutory claims contains a two-pronged attack.
18 First, the individual defendants, Linville and Harris, argue that
19 as individuals they are not subject to suit under either the
20 FMLA, the CFRA, the ADA, or FEHA.  Secondly, the County asserts
21 that, with respect to Plaintiff's remaining claims against Solano
22 County under the aforementioned statutes, Plaintiff has not
23 alleged she properly exhausted her administrative claim filing
24 requirements.
25 ///
26 ///
27 ///
28 ///

5

### A. Statutory Claims Against Defendants Linville and Harris

Essentially, Plaintiff concedes that her statutory based claims against Linville and Harris are not supported by the current state of the law. Although Plaintiff disagrees with the law, she has agreed to dismiss Linville and Harris for the first through fourth causes of action, for alleged violations of the FMLA, CFRA, ADA, and FEHA, respectively.

Under the statutory provisions enumerated in the Complaint, individual Defendants may not be sued for actions while acting within the scope of their employment. Under 29 U.S.C. § 2615(a)(1) it is unlawful for any <u>employer</u> to interfere with any right afforded by the FMLA.[1] <u>Wascura v. Carver</u>, 169 F.3d 683, 687 (11th Cir. 1999) ("a public official sued in his or her individual capacity is not an 'employer' under the FMLA"). Under the CFRA, individual supervisors may not be sued. <u>Miskuski v. Crescent Heights of America, Inc.</u>, 2007 U.S.Dist. LEXIS 37223, at *14 (S.D. Cal. 2007). Likewise, there is no individual liability under the ADA or the FEHA. <u>See</u> <u>e.g.</u>, <u>Greenlaw v. Garrett</u>, 59 F.3d 994 (9th Cir. 1995) (no liability under ADA); <u>Janken v. GM Hughes Electronics</u>, 46 Cal. App. 4th 55, 80 (1996) (no liability under FEHA). Thus, based on the clear precedent and Plaintiff's lack of opposition, Defendants' Motion to Ddismiss Plaintiff's

---

[1] Plaintiff's Complaint improperly states "retaliation" instead of "interference." <u>Foraker v. Apollo Group, Inc.</u>, 427 F. Supp. 2d 936, 940 (D. Ariz. 2006)("adverse employment actions taken against employees for exercising their rights under FMLA should not be construed as retaliation or discrimination, but rather as interference with rights guaranteed by the statute"). Therefore Plaintiff's FMLA claim is pursuant to 29 U.S.C. § 2615(a)(1).

6

First through Fourth Causes of Action against Defendants Linville and Harris should be GRANTED without leave to amend.

## B. Statutory Claims against Defendant Solano County

Under California Government Code § 12965(b), "[a] prerequisite to filing a civil complaint under FEHA is obtaining a right-to-sue letter from the [DFEH]." Ansencio v. Miller Brewing Co., 152 Fed. Appx. 576, 577 (9th Cir. 2005).[2] In addition, the receipt of a right-to-sue letter from the EEOC is a prerequisite to filing a civil complaint under the ADA or the FMLA. Pinkard v. Pullman-Standard, 678 F.2d 1211, 1218 (5th Cir. 1982). Although failure to obtain the proper right-to-sue letter before bringing suit is grounds for dismissal, the defect may be cured through an amendment of the complaint so long as the premature filing did not prejudice the defendant. Id.

In the present case, Plaintiff's Complaint alleges causes of action arising out of the FMLA, CFRA, ADA, and FEHA. However, her Complaint does not allege the receipt of right-to-sue letters from the DFEH or EEOC. Rather, the Complaint states that it "is expected that such permission to sue will be granted shortly." Pl.'s Compl., p. 3. Plaintiff contends that she subsequently received the proper letters, but she has not amended her Complaint to reflect this change.

---

[2] "CFRA is a portion of FEHA...[t]hus, a plaintiff is required to exhaust a claim under CFRA by filing a claim with the DFEH and obtaining a right-to-sue letter." Flores v. California Pac. Med. Ctr., 2005 WL 2043038, at *2 (N.D.Cal. 2005) (internal quotations and citations omitted).

Pl's Opposition to Def's Motion, p. 3. Because Plaintiff's Complaint does not allege receipt of the right-to-sue letters, Defendants' motion to dismiss Plaintiff's First through Fourth Causes of Action against Defendant Solano County is GRANTED, with leave to amend.

### 2. Plaintiff's Non-Statutory Claims (Fraud, Libel, IIED)

"The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." Munoz v. Cal., 33 Cal. App. 4th 1767, 1776 (1995). Under California Government Code § 911.2, a claim relating to a cause of action for injury must be properly presented to the relevant public entity "not later than six months after the accrual of the cause of action." Id. "Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit." Brown v. Yates, U.S. Dist. LEXIS 28055, at *8 (E.D. Cal. 2008). Failure to allege compliance with California Tort Claim procedures in the complaint is grounds for dismissal without prejudice under rule 12(b)(6). Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

In the present case, Plaintiff does not allege compliance with California's Torts Claims Act in her complaint. She does not state facts regarding the filing of a claim with the County, nor does she state facts as to the County's action on or rejection of the claim.

///

Plaintiff argues that documents in the Defendants' request for judicial notice show the proper presentation of the claim.[3] However, the law requires that Plaintiff's Complaint allege that she filed her claim in compliance with the Tort Claim Act. Therefore, Defendants' Motion to Dismiss Plaintiff's Fifth through Seventh Causes of Action against all Defendants is GRANTED, with leave to amend.

**CONCLUSION**

Defendants' Motion to Dismiss Plaintiff's First through Fourth Causes of Action against individually named Defendants Harris and Linville is GRANTED without leave to amend under Rule 12(b)(6). Defendant's Motion to Dismiss Plaintiff's First through Fourth Causes of Action against Defendant Solano County is GRANTED with leave to amend under Rule 12(b)(6). Defendants' Motion to Dismiss Plaintiff's Fifth through Seventh Causes of Action against all Defendants is GRANTED with leave to amend under Rule 12(b)(6).[4]

///
///
///
///

---

[3] Because judicial notice of the requested documents would have no effect of the dismissal, at this point, the Court declines to determine whether they may be properly noticed under Fed. R. Evid. 201.

[4] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefings. E.D. Cal. Local Rule 78-230(h).

Plaintiff is directed to file a First Amended Complaint, should she choose to do so, not later than twenty (20) days following the date of this order.

IT IS SO ORDERED.

Dated: July 28, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

10